PER CURIAM:
Claimant brought this action to recover damages to her 1981 Toyota which occurred when claimant was operating her automobile on State Route 42/7 in Grant County. The incident occurred on February 3, 1989, at approximately 10:15 p.m. Claimant came upon a creek where a bridge had been removed by respondent on that same day. A barricade placed at the edge of the road was not in place and claimant drover her vehicle into the creek causing damages to her *50 automobile in the amount of $3,361.71. Claimant alleges respondent was negligent as it failed to warn the traveling public that the bridge was no longer present and that respondent failed to place a proper barricade at the edge of the road where the bridge was out.
Respondent alleges that there were signs on the roads leading to the creek which adequately warned the traveling public that the bridge was not present. Respondent also contends that a barricade had been placed at the edge of the road on the day in question and that respondent did not have notice that the barricade had been removed until after claimant’s accident.
Claimant and a friend, Timothy L. Huffman, went to Day Park located on State Route 42/9. When they left the park, claimant drove out of the park onto State Route 42/7. Claimant was operating her vehicle at approximately 10 to 15 miles per hour. It was dark and cloudy with some fog and rain. Claimant drove her vehicle about one-tenth of a mile when the vehicle went off the road and went into a creek. Claimant did not see any barricade at the edge of the road prior to driving the vehicle into the creek. The evidence established that a barricade was later found in the creek approximately 100 feet from the scene of the accident. Claimant was unfamiliar with this area and, in fact, testified that she thought she was leaving the park the same way she had driven into the park. She was actually on State Route 42/7 rather than State Route 42/5.
Officer Randall Keplinger, Deputy Sheriff for Grant County, discovered claimant’s mishap while he was on duty at 10:15 p.m. He was on the opposite side of the creek from claimant’s accident. He observed the area and saw an L-shaped wooden barricade located on that side of the creek. The barricade had reflecting material on it, but no sign was on it. This barricade faced the traffic approaching from his side of the creek. He testified that there was neither a warning sign nor barricade present on the side of the creek where claimant’s vehicle had gone into the creek, he stated that it was his opinion that the accident was not the result of excessive speed on the part of the driver.
Gene Allen Stickley, respondent’s crew leader, testified that he was with the bridge crew that had removed the super structure of the bridge from the creek bed on the day of this accident. The bridge had been taken down on the previous day. When he left the site, there was a Type 3 or “L shaped” barricade with a sign noting “Bridge Closed” placed by the crew at the edge of the road where the bridge was removed. This was the customary practice for the crew. A permanent type of barricade with steel posts and guardrail is placed at such sites by the construction section at a later time, normally within a week after a bridge is removed.
Don I. Pyle, a safety inspector for respondent, testified that there was a sign at the intersection of State Routes 5 and 42/9 which read “Road Closed to Thru Traffic”. This sign was at the intersection where claimant approached the entrance to Day Park. There were also two signs warning the traveling public that read “Bridge Closed” and “Road closed Thru Traffic” located on State Route 42/7 at the intersection of State Route 5 on the opposite side of Day Park which claimant would not have observed. This particular bridge had been closed by respondent *51 during the summer of 1985. The signs had been in place since that time.
It is apparent to the Court that the claimant and her passenger were unfamiliar with the roads in the area of this accident. However, the Court is also of the opinion that respondent had signs in place to adequately warn the traveling public that the bridge was not in place. Claimant passed one sign which warned the public “Road Closed to Thru Traffic” as she approached the park. It is also the opinion of the Court that respondent did not have sufficient notice that the barricade across the road at the edge of the creek was not in place. The crew had left the scene at approximately 1:30 p.m. and the claimant’s accident occurred at approximately 10:15 p.m.
The law of West Virginia is well settled that the State is neither an insurer nor a guarantor of the safety of travelers on its highways. Adkins v. Sims, 130 W.Va. 645, 46 S.E.2d 81 (1947). This Court has applied this principal in many previous claims. To prevail in a negligence action against respondent, the claimant must establish that the respondent knew or should have known that a hazard existed and that respondent had sufficient time in which to remedy the situation. The Court is of the opinion that claimant has failed to establish negligence on the part of the respondent in this claim.
In accordance with the findings of facts and conclusions of laws as indicated hereinabove, the Court must deny this claim.
Claim disallowed.